Mark ESKELSON et al., Plaintiffs
and Respondents,

v.

Mary Susan BALLHAUS et al.,
Defendants and Appellants.

No. 16948.

Supreme Court of Utah.

Dec. 30, 1980.

L. Rich Humpherys of Christensen, Jensen, Kennedy & Powell, Salt Lake City, for defendants and appellants.

Wilford A. Beesley, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Retired Justice:

This is an appeal from a $71,000 verdict of a jury that found defendant to have been 100 percent negligent and the sole proximate cause of plaintiff's loss of earnings during a six-year period because of an approximate 50 percent permanent partial disability that resulted from the collision of two compact cars driven by the parties hereto under favorable conditions as to visibility and weather.

The plaintiff, Eskelson, and his wife were returning to their home in Salt Lake City, and the defendant, Ballhaus, driving her friend and future husband's car, was returning with him to California, and while approaching Logan, Utah, the accident occurred that provoked this suit. Defendant was following immediately behind a camper vehicle, driven by another, and Eskelson was following immediately behind the car driven by Ballhaus,—all at comparatively slow speeds, not more than 40 to 45 miles per hour in a 60-mile zone. On a stretch of the highway free of oncoming traffic, Eskelson accelerated to 50 miles per hour to pass the Ballhaus car and the camper, and as he came directly alongside the Ballhaus vehicle, Ms. Ballhaus, without warning, swerved to the left in order to pass the camper, sideswiping Eskelson's car. His car was thrown into a fishtailing operation, followed by a multiple rollover, causing severe injuries to the plaintiff.

No point is made on appeal as to such severity and the resulting near 50 percent permanent partial disability, or that loss of earnings did not ensue. The main thrust here is that the jury verdict was excessive, born of passion or prejudice mentioned in Rule 59, Utah Rules of Civil Procedure, warranting a new trial or a remittitur to

which defendant Ballhaus says she was entitled on her motion to that effect,—which the trial court denied.

We are of the opinion that the court did not err in denying the motion under the circumstances. Consequently, we affirm the verdict and the judgment entered thereon, on the facts, and simultaneously reject defendant's claim of error on her procedural points as to impropriety of instructions to the jury,—which matters more precisely are treated below.

■ The facts pointing to a reasonable verdict briefly show: that during Eskelson's school years (he was a college senior at the time of the accident), he worked mostly part-time as a roofer for his father, sometimes in the role of sole operator. During the fall of 1972, upwards of a year before the accident, he earned about $4,500, and the following spring months before the accident about the same amount, or $9,000 for an aggregate of nine months, which would represent an income of about $12,000 per annum, give a little for "slow" summer work. The income was for labor exclusive of materials,—they being extra. Although the testimony would indicate and project a progressive six years' increase in income up to 1979, the time of trial, it is inescapable to conclude other than that the "whole" man would have been able to earn as much or more than that which he was earning the year before the accident. The inflation spiral during that time realistically confirms such conclusion. The severity of Eskelson's injury and his near 50 percent permanent partial disability hardly could justify a conclusion that $71,000 would be an excessive award, considering Eskelson's going rate of part-time income immediately prior to the accident. Ensuing events might even lead someone to suggest that perhaps the "reasonable man" here may have foresaken his traditional role, in favor of a less conservative character on the judicial stage.

The hardships that attended Eskelson's work capabilities after the collision are reflected by a period of several weeks in bed, a year of inability to work at all, a completely unsuccessful go at the real estate business, revocation of his driver's license due to a post-accident "grand mal epileptic convulsion," obligations because of necessitous loans to support his family ($15,000), acceptance of charity, working at a motorcycle "funeral procession" job at $10 per funeral. Before, he had persevered and actually increased his income gradually until the year of the accident, 1973, when finally he earned the $9,000 for nine months. He has consistently been unable to do roofing more than three to five days at only three hours per day. During the years since 1973, the date of the accident, his average yearly income had been considerably less, and the income scale since the accident had been increased greatly, which would indicate that a $12,000 income rate for the year before the accident, if continued without any inflationary increase, would amount to more than the $71,000 verdict, which appears not to be an inordinately excessive amount awarded by the jury.

Defendant, besides asserting excessive damages, urges that the trial court erred in a) instructing the jury as to "comparative negligence," and b) in instructing that the damages should be based on gross income without deducting business expenses.

■ As to a): This case arose out of an accident that happened shortly after the "comparative negligence" statute was enacted in 1973 (Title 78–27–37, Utah Code Annotated 1953, L.Utah 1973, ch. 209, sec. 1). The defendant's present counsel was not he who pursued this at the appeal level. The defense was "contributory negligence," and it was not until the trial that the trial court, not the plaintiff, *sua sponte*, suggested "comparative negligence" as a possible total or partial defense. The instructions that followed clearly told the jury that either or both of the parties could be guilty of negligence. Defendant's counsel did not request an instruction on "comparative negligence," but her present counsel now urges error in that respect for the first time on appeal. Even so, the jury hardly could have misunderstood its function when the trial court put to it questions for answer, as

follows: I. (a) Was the defendant negligent in one or more particulars claimed by the plaintiff?,—which was answered "yes"; and (b) If (a) was answered "yes," was such negligence a proximate cause of the injuries of plaintiff?,—which was answered "yes"; and II. (a) Was the plaintiff negligent in one or more particulars claimed by defendant?,—which was answered "no." Under such circumstances there was nothing to "compare."

Notwithstanding the above, and the fact that the court directed the jury in special verdict No. 4, to *allocate 100 percent negligence* between plaintiff and defendant *only if it found* both parties negligent, the defendant nonetheless contends that general instruction No. 15 was prejudicial in stating that every driver must keep a proper lookout, which, if not honored by defendant, required that the verdict must be in favor of plaintiff and against the defendant. The instruction "alone" might be considered in error, but with the special verdict and other instructions mentioned above, it would appear that the instruction complained of was non-prejudicial and we so conclude.

■ As to b), the instruction (No. 25) as to measure of damages which plaintiff contends erroneously failed to take into account "overhead" expenses in plaintiff's operation as an independent contractor in the roofing business, the following may be said in answer thereto:

Counsel for the parties stipulated that exceptions to instructions be taken after the jury retired, even though the court had distributed proposed instructions to both prior thereto. Counsel for defendant excepted to the instruction without any specificity, as required under rule 51. The only specificity indulged pertained to an instruction on "contributory negligence," and it would appear that any error claimed for failure to object to instruction No. 25, as to gross income, except for the first time on appeal, is not assertable here. Besides, the instruction as to gross income was given without error, perhaps by use of less than exactitude requires, since the evidence reveals that plaintiff's testimony as to loss of income was that for labor only, not including business expense or overhead.

The judgment is affirmed, with costs on appeal to plaintiff.

HALL, STEWART, and HOWE, JJ., and CALVIN GOULD, District Judge, concur.

CROCKETT, C. J., does not participate herein; HENRIOD, Retired Justice, sat.

MAUGHAN, J., does not participate herein; GOULD, District Judge, sat.